UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-23281-ALTMAN

**CONTRELL LEO FLOYD**,

    *Plaintiff*,

v.

**JESUS DESPAIGNE ROJAS**

    *Defendant*.

_____/

**ORDER DENYING MOTION FOR LEAVE TO
PROCEED *IN FORMA PAUPERIS***

Our Plaintiff, Contrell Leo Floyd, has filed a Motion for Leave to Proceed *in Forma Pauperis* (the "IFP Motion") [ECF No. 3] in his lawsuit against the Defendant, Jesus Despaigne Rojas. Because we don't have subject-matter jurisdiction over the Plaintiff's claim, *see* Complaint [ECF No. 1], we **DENY** the Plaintiff's IFP Motion and **DISMISS** the Complaint **without prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii). The Plaintiff will have **30 days** to file an amended complaint and a new IFP motion. **This will be his last chance**.

**THE LAW**

A court may authorize a party to proceed *in forma pauperis* in any suit so long as that party complies with the prescriptions of 28 U.S.C. § 1915. Accordingly, the court must screen such cases and must dismiss a complaint if it concludes that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997) (explaining the grounds for dismissal under § 1915).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (cleaned up).

Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that "leniency does not give a court license to serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action," *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (cleaned up). *Pro se* litigants cannot "simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim. . . . Judges cannot and must not fill in the blanks for *pro se* litigants; they may only cut some linguistic slack in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up).

## ANALYSIS

This case arises from a 2022 car crash involving our Plaintiff and our Defendant—both citizens of Florida (as far as we can tell[1]). *See* Complaint ¶¶ 1–3 (providing the Plaintiff's and the Defendant's addresses, both of which are in Florida). In the Complaint's only count, the Plaintiff alleges that the Defendant "knowingly, intentionally, maliciously, carelessly, negligently, and recklessly

---

[1] "[A] natural person is a citizen of the state in which he is 'domiciled.'" *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021)) (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). And "[a] person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom[.]'" *Ibid.* (quoting *McCormick*, 293 F.3d at 1257–58).

drove and caused to be driven with great force and violence . . . his red 2015 Chrysler 200," such that he "t-bon[ed]" the Plaintiff's vehicle, "injuring [him] severe[ly] and permanently[.]" *Id.* ¶ 26. The Plaintiff asks that we grant him "an award of compensatory [damages] for all his severe and permanent head and neck injuries and the effects in the future caused by the Defendant's negligence and recklessness that caused the accident in a sum but in no event less than . . . $10,000,000," as well as "punitive damages for reckless[ ] conduct that caused the car accident and the injuries to the Plaintiff in the amount to be determined by a jury, but in no event less than $2,500,000.00 dollars." *Id.* ¶¶ 29–30.

This claim fails because we don't have subject-matter jurisdiction over it. "There are two bases of federal court subject matter jurisdiction: One, diversity jurisdiction," and "[t]he other, federal question jurisdiction[.]" *Blankenship v. Claus*, 149 F. App'x 897, 898 (11th Cir. 2005). Federal-question jurisdiction—as provided for in 28 U.S.C. 1331—doesn't exist here because this is a negligence action governed by Florida—not federal—law. *See* Complaint ¶ 26 (asserting a claim for negligence in the Complaint's only count); *see generally id.* (nowhere identifying any applicable federal laws); *see also Ct. State Dental Ass'n v. Anthem Health Plans*, 591 F.3d 1337, 1343 (11th Cir. 2009) ("As a general rule, a case arises under federal law only if it is federal law that creates the cause of action." (quoting *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996))). And diversity jurisdiction doesn't exist under 28 U.S.C. § 1332 because the Plaintiff and the Defendant are both citizens of Florida. *See* Complaint ¶¶ 1–2; *see also Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005) ("Diversity jurisdiction requires complete diversity between named plaintiffs and defendants.").

"[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). But, because a "dismissal for lack of subject matter jurisdiction is not a judgment on the merits," it "is entered without prejudice." So, should the Plaintiff wish to pursue his claims against the Defendant, he may either file

suit in state court or file an amended complaint here. If he pursues the latter option, he must (1) explain how he's been injured (and by whom), (2) *articulate a basis for our subject-matter jurisdiction over the case* and our personal jurisdiction over the Defendants, (3) show that venue is proper in our District, and (4) plead the elements of a viable cause of action, supporting each element with specific factual allegations.

After careful review, then, we **ORDER and ADJUDGE** as follows:

1. The Motion for Leave to Proceed *in Forma Pauperis* is **DENIED**.
2. The Complaint [ECF No. 1] is **DISMISSED without prejudice**.
3. The Plaintiff may file an **amended complaint** by **September 30, 2024**. That amended complaint must comply with our Local Rules, the Federal Rules of Civil Procedure, and this Order. **This will be the Plaintiff's final opportunity to state a claim, and we will not accept any filings in this case *after* September 30, 2024.**
4. By that same date, the Plaintiff must file a renewed motion for leave to proceed *in forma pauperis* that is completely and accurately filled out.
5. The Clerk of Court is directed to administratively **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on August 30, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: Contrell Leo Floyd, *pro se*